**IN THE COURT OF APPEALS OF IOWA**

No. 24-0177
Filed April 23, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**AARON PAUL WOODMAN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Carroll County, Joseph McCarville,

Judge.


        Aaron Paul Woodman appeals the sentences imposed by the district court

after pleading guilty to two counts of forgery.  **AFFIRMED.**


        Leah Patton of Patton Legal Services, LLC, Ames, for appellant.

        Brenna Bird, Attorney General, and Joshua Henry, Assistant Attorney

General, for appellee.


        Considered without oral argument by Tabor, C.J., and Schumacher and

Chicchelly, JJ.

**CHICCHELLY, Judge.**

Aaron Paul Woodman appeals the sentences imposed by the district court after pleading guilty to two counts of forgery.[1] Because the court did not abuse its discretion when sentencing him, we affirm Woodman's sentences.

After Woodman used forged checks and a stolen credit card to make purchases, the State charged him with two counts of forgery, one count of credit card fraud, and one count of third-degree theft. Pursuant to a plea agreement, Woodman pled guilty to the two forgery counts. The court accepted his plea, ordered a presentence investigation (PSI), and dismissed the remaining counts.

Sentencing was initially scheduled for October 2023. But the hearing was delayed for several months because Woodman absconded from custody and refused to cooperate with the PSI investigator. In mid-November, the court issued a bench warrant, and Woodman was arrested in December. On December 27, the sentencing hearing finally occurred, at which the court requested a status update on Woodman's pending charges in other counties. In response, Woodman's counsel stated "this is the last county for sentencing. All of the other counties have been resolved and [Woodman was] sentenced . . . to probation on all of them." Sentencing then proceeded, with the State asking the court to adopt the PSI's recommendation for incarceration and Woodman requesting probation. The court

---

[1] Generally, defendants do not have a right to appeal after pleading guilty unless they establish good cause. *See* Iowa Code § 814.6(1)(a)(3) (2023). But because Woodman is challenging the discretionary sentence imposed on his conviction rather than the plea itself, he has good cause to pursue this appeal. *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).

sentenced Woodman to an indeterminate term of incarceration not to exceed five years.  He appeals.

Woodman alleges that the court abused its discretion by considering pending charges, failing to consider certain mitigating factors, and failing to exercise its discretion.  We review sentencing decisions for correction of errors at law.  *Damme*, 944 N.W.2d at 103.  "A sentencing court's decision to impose a specific sentence that falls within the statutory limits 'is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters.'"  *Id.* at 105–06 (citation omitted).  An abuse of discretion occurs when the sentencing decision "was exercised on grounds or for reasons that were clearly untenable or unreasonable."  *Id.* at 106 (citation omitted).

Woodman first contends that the court improperly considered pending charges.[2]  "[A] sentencing court cannot consider unproven or unprosecuted offenses in fashioning a defendant's sentence unless the defendant admits them or facts are presented to prove them."  *State v. Fetner*, 959 N.W.2d 129, 135 (Iowa 2021).  However, Woodman and his counsel represented to the court that there were no pending charges; they had all "been resolved" and resulted in

---

[2] The pending charges were included in the PSI report and discussed by the parties at the sentencing hearing.  To the extent that Woodman challenges the PSI report itself, because he did not object to the report at sentencing, he did not preserve error.  *See State v. Schooley*, 13 N.W.3d 608, 617 (Iowa 2024) (permitting the court "to consider portions of a PSI that are not challenged by the defendant" (cleaned up)).  But we do not require defendants to make such an objection when the court relies on unproven offenses.  *See id.* at 618. To the extent that he argues that the court improperly considered the unproven offenses, we proceed to the merits.

probation.  While Woodman remained silent during this exchange, he did not challenge the alleged facts either.  *See id.* at 135 (finding defendant's failure to challenge counsel's recitation "amounted to an admission by acquiescence to the facts").  Further, these charges were noted in the PSI which Woodman agreed to the court using, without correction or change, for purposes of his sentencing.  Moreover, Woodman provides no evidence that the court even considered the charges to determine the appropriate sentence.  *See State v. McCollaugh*, 5 N.W.3d 620, 627 (Iowa 2024) ("To establish reversible error based on an improper sentencing factor, the defendant is required to show that the court was not just merely aware of the fact, *but that it relied on the factor in determining its sentence.*" (emphasis added)).  The court did not reference the charges when it detailed its reasons for the sentence, and Woodman does not offer any evidence that the court relied on them.  *See id.* at 628 (considering whether the court expressly mentions the alleged improper factor during its sentencing explanation).  We therefore do not find any merit in Woodman's argument.

Woodman next cites several mitigating factors, such as his history of sexual assault while incarcerated and his mental-health diagnoses, which he claims required the court to consider probation.[3]  While the court was not "required to specifically acknowledge each claim of mitigation urged by a defendant," *see State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995), the court here did.  At the hearing,

---

[3] Woodman also argues that because he received probation for similar charges in other counties, the court should have sentenced him to probation here.  But we do not find this factor to be mitigating at all.  *See Damme*, 944 N.W.2d at 107 (categorizing the defendant's repetitive criminal history as aggravating).  In fact, the court considered Woodman's extensive criminal history, often for the same or similar crimes, when it determined he likely would not succeed on probation.

Woodman expressed fear that he would be sexually assaulted again while in prison and explained the impact this had on his mental health. While the court listened to Woodman's concerns and showed empathy, it also weighed this against Woodman's lengthy, repetitive criminal history and the need to protect the public. The court also correctly noted that it couldn't "consider bad behavior of others" to determine Woodman's sentence because the sentencing factors are individualized to each defendant. *See* Iowa Code § 907.5 (setting out specific factors for the court to consider before suspending sentence). While the sentence imposed by the court is not what Woodman wanted, "this does not mean the choice of one particular sentencing option over another constitutes error." *State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002). We therefore do not find any abuse of discretion on this issue.

Finally, Woodman argues that the court failed to exercise any discretion at all because "the court erroneously believed it did not have the discretion to suspend the sentence." "A district court's failure to exercise sentencing discretion requires resentencing." *State v. Gay*, No. 19-1354, 2021 WL 4889239, at *4 (Iowa Ct. App. Oct. 20, 2021). But we presume the court properly exercised such discretion unless the record shows otherwise. *Id.* Woodman cites the court's statement that "we just don't have any choice" as evidence the court was unaware of its sentencing options. But we do not find this to be true. As discussed previously, the court detailed several reasons why it imposed incarceration instead of probation. *See id.* (considering whether the court "discuss[ed] any mitigating factors" to exercise its discretion). After reviewing all the relevant information, the court explained why incarceration was necessary.

> Frankly, I think we're almost beyond rehabilitation at this point and it's just protection of the community. I will accept your statement that these are non-violent crimes but they just never end. There's just—I just don't see we have any choice, I have any choice.

We do not find this statement shows the court was mistaken that it could not impose probation; instead, we find that the court weighed the required factors to determine the best sentence. *See* Iowa Code § 901.5 (requiring the court to determine which sentencing option "will provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses"). This is not an abuse of discretion, but a reflection of the "discretionary nature" of sentencing at work. *See Damme*, 944 N.W.2d at 106 (citation omitted).

Because we find the court did not abuse its discretion when sentencing Woodman, we affirm his imposed sentences.

**AFFIRMED.**